People v McClain (2025 NY Slip Op 50763(U))

[*1]

People v McClain (Logan)

2025 NY Slip Op 50763(U)

Decided on May 15, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 15, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, James, JJ.

570083/19

The People of the State of New York, Respondent,
against
Logan McClain, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Steven J. Hornstein, J.), rendered November 15, 2018, after a jury trial, convicting him of harassment in the second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Steven J. Hornstein, J.), rendered November 15, 2018, affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determination concerning credibility (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Defendant's intent to "harass, annoy or alarm" (Penal Law § 240.26) could be inferred from his act of grabbing complainant's shirt, causing it to rip, then pushing him against a cubicle and stating "I'm tired of you, little man" (see People v Mack, 76 AD3d 467, 468 [2010], lv denied 15 NY3d 922 [2010]; People v Correa, 75 AD3d 478 [2010], lv denied 15 NY3d 892 [2010]).
The court properly denied defendant's speedy trial motion as untimely and not made upon reasonable notice to the People (see CPL § 210.20 [1] [g], [2]; CPL § 210.45 [1]; People v Lawrence, 64 NY2d 200, 203-204 [1984]). The motion was made on the same day the parties appeared in court for trial, where the court addressed several preliminary issues, including Sandoval and Molineux motions (see People v Joaquin, 150 AD3d 618 [2017], lv denied 29 NY3d 1128 [2017]; see also People v Roper, 231 AD3d 491 [2024], lv granted 42 NY3d 1082 [2025]).
In any event, the motion was without merit, since it is based upon a purported hearsay defect in the accusatory instrument. However, defendant waived any challenge to the purported hearsay defect by not filing a written motion challenging the information on this ground within 45 days of arraignment (see CPL §§ 170.30 [1] [a], [2]; 255.20 [1]; see also People v Casey, 95 NY2d 354, 362—363 [2000]). Defendant could not avoid this procedural bar simply by placing his claim in a speedy trial motion (see People v Figueroa, 165 AD3d 509 [2018], lv denied 32 NY3d 1171 [2019]).
The court properly declined to give an adverse inference charge. The People turned over all Rosario material to the defense, including the District Attorney Case Summary. The possible existence of any additional notes taken by prosecutors during interviews with the complaining [*2]witnesses was purely speculative, and there was no indication that they contained Rosario material (see People v Gonzalez, 217 AD2d 409, 410 [1995], lv denied 86 NY2d 842 [1995]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 15, 2025